

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00168-CV

———————————————

IN THE GUARDIANSHIP OF MONICA SIXTOS, AN INCAPACITATED PERSON

---

On Appeal from Probate Court No. 2
Tarrant County, Texas
Trial Court No. 2010-GD00395-2

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Melissa Neystel attempts to appeal from a trial court order denying her motion to appoint successor joint guardians of Monica Sixtos. But Neystel filed her notice of appeal too late.

"[T]he time for filing a notice of appeal is jurisdictional in this court, and absent a timely[ ]filed notice of appeal or timely[ ]filed motion for extension, we must dismiss the appeal" for want of jurisdiction. *Lewis v. City of Fort Worth*, No. 02-22-00411-CV, 2022 WL 17037420, at \*1 (Tex. App.—Fort Worth Nov. 17, 2022, no pet.) (mem. op.) (quoting *Manning v. Funimation*, No. 02-22-00145-CV, 2022 WL 1573486, at \*1 (Tex. App.—Fort Worth May 19, 2022, no pet.) (mem. op.)); *Mitchell v. Estrada*, No. 02-22-00005-CV, 2022 WL 1183342, at \*1 (Tex. App.—Fort Worth Apr. 21, 2022, no pet.) (mem. op.); *see* Tex. R. App. P. 25.1(b). Generally, a notice of appeal must be filed within 30 days after the appealable judgment or order is signed. Tex. R. App. P. 26.1. Or, if the appellant files a timely motion for new trial or other qualifying postjudgment motion to extend the deadline, the notice of appeal must be filed within 90 days after the appealable judgment or order is signed.[1] Tex. R. App. P. 26.1(a).

Here, the trial court signed an order denying Neystel's motion on December 6, 2022, but Neystel did not file a notice of appeal until May 15, 2023—more than 150

---

[1]An appellant can also request a 15-day extension if the request is filed within 15 days after the deadline for the notice of appeal. *See* Tex. R. App. P. 26.3. Neystel did not request an extension, nor did she file her notice of appeal within 15 days of the deadline. *Cf. Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

days later. Accordingly, we notified Neystel that her notice of appeal appeared untimely, and we warned that we could dismiss the appeal for want of jurisdiction unless she (or any other party) filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3.

Neystel responded by pointing to her timely motion for new trial, which extended the deadline for her notice of appeal. But still she failed to show grounds for continuing the appeal. Neystel's motion for new trial extended her deadline only until March 6, 2023, so her May 15 notice was still more than two months late. *See* Tex. R. App. P. 26.1(a); *Manning*, 2022 WL 1573486, at \*1–2 (holding similarly when appellant filed notice of appeal 270 days after judgment and responded to appellate court's jurisdictional notice by pointing to motion for new trial).

Because Neystel failed to file a timely notice of appeal and has not shown grounds for continuing this appeal, we dismiss her appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *see Manning*, 2022 WL 1573486, at \*2 (holding similarly when appellant filed untimely notice of appeal and failed to show grounds for continuing appeal); *In re Guardianship of White*, No. 02-21-00300-CV, 2022 WL 488936, at \*2 (Tex. App.—Fort Worth Feb. 17, 2022, no pet.) (mem. op.) (similar).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: June 8, 2023

3